Steven Alexander Biolsi (sb9133)
Attorneys for Defendants Liberty Car Service, Inc., and Ray Perry
Biolsi Law Group P.C.
111 Broadway, Suite 606
New York, NY, 10006
212-706-1385


United States District Court
Eastern District of New York
------------------------------------------------------------------X
Nataly lazaro and Jose Molina,

      Plaintiff,

Case №
19-cv-07314-LDF-JO


- - against - -
Liberty Car Service, Inc. and Ray Perry,

Defendant Liberty Car
Service, Inc.,
Answer

      Defendants.
------------------------------------------------------------------X

Defendant Liberty Car Service, Inc., by Biolsi Law Group P.C.  as and for the

Answer to the allegations of Plaintiffs Nataly Lazaro and Jose Molina set forth in

the Complaint in this action respectfully answers as follows:

**IN ANSWER TO THE ALLEGATIONS SET FORTH IN THE COMPLAINT**

    1.  Defendant denies the allegations contained in paragraph 1 of the

Complaint.  Defendant avers that Plaintiffs were independent contractors.

    2.  Defendant denies the allegations contained in paragraph 2 of the

Complaint.  Defendant avers that Plaintiffs were independent contractors.

    3.  Defendant denies the allegations contained in paragraph 3 of the

Complaint.

    4.  Defendant denies the allegations contained in paragraph 4.  Defendant

avers that this court does not have subject matter jurisdiction over the dispute

purportedly giving rise to this Action.  Defendants further aver that Plaintiffs have

not been injured by the acts or omission of Defendants, and, accordingly, have no standing to commence or to maintain this action.

5.   Defendant denies having any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint, and respectfully refers any quest6ions of law contained therein to the Court.

6.   Defendant denies having any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint, and respectfully refers any quest6ions of law contained therein to the Court.

7.   Defendant denies having any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint, and respectfully refers any quest6ions of law contained therein to the Court.

8.   Defendant denies having any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint, and respectfully refers any quest6ions of law contained therein to the Court.

9.   Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits Co-Defendant Ray Perry was one of the managers of this answering Defendant as alleged in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits that it was engaged in the livery business as its primary operation as alleged but Defendant otherwise denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.  Defendant avers that, as a qualification of the denial, the allegation contains ambiguous terms and phrases prejudicing an ability to either admit or deny the allegations with exact certainty.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.  Defendant avers that Plaintiff were independent contractors.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies having any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint, and respectfully refers any quest6ions of law contained therein to the Court.

31. Defendant denies having any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint, and respectfully refers any quest6ions of law contained therein to the Court.

32. Defendant denies having any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint, and respectfully refers any quest6ions of law contained therein to the Court. Defendant avers that it transacted business within the State Of New York and is unaware of whether any the entities alleged in this complaint have branches or divisions outside of the state of New York.

33. Defendant denies having any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint, and respectfully refers any quest6ions of law contained therein to the Court. Defendant avers that, for example the use of the telephone as a method of communication was intended for the use of communication for the services rendered to the customers around New York City area. Defendant, operating in business of the transportation of people, was not operating in the business of mailing items across state lines.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies having any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint, and respectfully refers any quest6ions of law contained therein to the Court.

37. Defendant denies having any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint, and respectfully refers any quest6ions of law contained therein to the Court.

38. Defendant denies having any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint, and respectfully refers any quest6ions of law contained therein to the Court.

39. Defendant repeats and reiterates by reference its answers to the allegations in paragraph 1 through 38 above as if set forth fully and at length herein.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies having any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint, and respectfully refers any quest6ions of law contained therein to the Court.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies Plaintiffs are entitled to the demanded relief as set forth in paragraph 44 of the Complaint.

45. Defendant repeats and reiterates by reference its answers to the allegations in paragraph 1 through 43 above as if set forth fully and at length herein.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies Plaintiffs are entitled to the demanded relief as set forth in paragraph 50 of the Complaint.

51. Defendant repeats and reiterates by reference its answers to the allegations in paragraph 1 through 50 above as if set forth fully and at length herein.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies Plaintiffs are entitled to the demanded relief as set forth in paragraph 56 of the Complaint.

57. Defendant denies Plaintiffs are entitled to the demanded relief as set forth in paragraph 57 of the Complaint.

58. Defendant denies Plaintiffs are entitled to the demanded relief as set forth in paragraph 58 of the Complaint.

59. Defendant denies Plaintiffs are entitled to the demanded relief as set forth in paragraph 59 of the Complaint.

60. Defendant denies Plaintiffs are entitled to the demanded relief as set forth in paragraph 60 of the Complaint.

61. Defendant denies Plaintiffs are entitled to the demanded relief as set forth in paragraph 61 of the Complaint.

62. Defendant denies Plaintiffs are entitled to the demanded relief as set forth in paragraph 62 of the Complaint.

63. Defendant denies Plaintiffs are entitled to the demanded relief as set forth in paragraph 63 of the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

64. The Complaint, and each claim purported to be alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

65. To the extent Plaintiffs and putative collective and/or class action members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

### THIRD AFFIRMATIVE DEFENSE

66. At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

### FOURTH AFFIRMATIVE DEFENSE

67. With respect to some or all of the claims brought or allegedly brought by Plaintiffs on behalf of themselves and/or on behalf of any putative class or collective action, Defendants affirmatively plead that any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law were not willful but occurred in good faith and with reasonable grounds for believing that they were in complete compliance with applicable law.

## FIFTH AFFIRMATIVE DEFENSE

68. Plaintiffs cannot establish or satisfy the requirements necessary to proceed collectively under 29 U.S.C. §2 l 6(b) because, inter alia, he is not similarly situated to members of the purported collective.

## SIXTH AFFIRMATIVE DEFENSE

69. Plaintiffs are precluded from recovering any amounts from Defendants where Defendants have paid Plaintiff all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the New York Minimum Wage Act, N.Y. Labor Law §§ 650 et seq., Article 6 of the New York Labor Law, N.Y. Labor Law

§§ 190 et seq., and all of their implementing regulations (collectively "Applicable Law").

## SEVENTH AFFIRMATIVE DEFENSE

70. Plaintiffs may not recover liquidated damages, because: (1) Defendants and all of their officers, directors, managers, and agents acted in good faith and did not commit willful violation of Applicable Law; (2) Defendants and their officers, directors, managers, and agents did not authorize any such willful violation with respect to Plaintiffs or any alleged member of any purported class or collective action, the existence of which Defendants affirmatively deny; and (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## EIGHTH AFFIRMATIVE DEFENSE

71. Plaintiffs are precluded from recovering any amounts from

Defendants for failure to pay compensation for hours worked because such time was worked without manager knowledge or approval.

## NINTH AFFIRMATIVE DEFENSE

72. The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York Labor Law.

## TENTH AFFIRMATIVE DEFENSE

73. The Complaint fails to state a claim upon which relief consisting of compensatory or liquidated damages or any other damages, interests, costs, or fees allowed by applicable law may be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

74. Plaintiffs' state law claims cannot proceed as a class action under the Federal Rules of Civil Procedure because the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. and its collective action procedure mechanism preempt state law that might otherwise permit class action treatment.

## TWELFTH AFFIRMATIVE DEFENSE

75. Plaintiffs cannot establish or satisfy the requirements for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class certification allegations of the Complaint should be stricken and dismissed.

## THIRTEENTH AFFIRMATIVE DEFENSE

76. Plaintiffs alleged injuries, sufferings and damages, if any, were caused by Plaintiffs' own acts, omissions, or conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

77. Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 27 U.S.C. § 259, because actions taken in connection with Plaintiffs compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## FIFTEENTH AFFIRMATIVE DEFENSE

78.  Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exclusions, exceptions, or credits provided for in the Fair Labor Standards Act, the New York Labor Law, and their implementing regulations.

## SIXTEENTH AFFIRMATIVE DEFENSE

79. Plaintiffs' claims are barred in whole or in part to the extent that some or all of the disputed time is not compensable pursuant to the provisions of the Portal- to-Portal Act of 1947 and/or New York law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

80. Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

## EIGHTEENTH AFFIRMATIVE DEFENSE

81. Defendant reserves the right to assert such other additional and/or affirmative defenses that may become known to it through discovery.

DEFENDANTS' PRAYER FOR RELIEF

82. Except as expressly admitted and alleged herein, Defendant denies each and every allegation set forth in the Complaint and deny Plaintiffs are entitled to any relief whatsoever. Further, Defendant denies the existence of any purported collective, class, or group of persons who Plaintiffs purports to represent.

83. Accordingly, the action must be dismissed.

*Wherefore,* Defendants respectfully requests that this Court grant the following relief:

1) Plaintiffs individual claims be dismissed with prejudice in their entirety;

2) Each and every request for relief in the Complaint be denied;

3) Judgment be entered against Plaintiff and for Defendants;

4) Defendants be awarded their costs, including reasonable attorneys' fees and expenses in an amount and manner permitted by applicable law; and

5) Defendants be granted such other and further relief as this Court may deem just and proper.

Dated:      New York, New York
            August 16, 2020

Biolsi Law Group P.C.

By:  Steven Alexander Biolsi (sb9133)
Attorney for Defendants Liberty Car Service, Inc., and Ray Perry
111 Broadway, Suite 606
New York, NY, 10006
212-706-1385
sabiolsi@biolsilaw.com
Fax 718-504-6427 (for Court's use Only)

United States District Court
Eastern District of New York

**Case:  19-cv-07314-LDF-JO**

Nataly lazaro and Jose Molina,

     Plaintiff,


               - - against - -

Liberty Car Service, Inc. and Ray Perry,

     Defendants.


### Defendant Liberty Car Service, Inc.'s Answer

Biolsi Law Group
115 Broadway, Suite 606
New York, NY 10006
(212) 706-1385
sabiolsi@biolsilaw.com

By:  Attorneys for Defendants Liberty Car Service, Inc., and Ray Perry


I, Steven Alexander Biolsi, an attorney duly admitted to practice law before the Courts of this State, hereby certify that pursuant to 22 NYCRR § 130-1.1a that to the best of my knowledge, information and belief, formed after inquiry reasonable under the circumstances, the presentation of the papers annexed hereto or the contentions therein are not frivolous as defined in 22 NYCRR § 130-1.1(c).

New York, New York            _____
August 16, 2020                Steven Alexander Biolsi