UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NATALY LAZARO and JOSE MOLINA,

                              Plaintiffs,

          v.

LIBERTY CAR SERVICE, INC. and
RAY PERRY,

                              Defendants.

---

**MEMORANDUM AND ORDER
ADOPTING REPORT AND
RECOMMENDATION**

19-CV-7314 (LDH)(LB)

LᴀSHANN DᴇARCY HALL, United States District Judge:

## BACKGROUND

On February 26, 2021, Plaintiffs filed submitted their proposed settlement in their Fair Labor Standards Act ("FLSA") action for court review pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  (ECF No. 20.)  The Court referred the settlement to Magistrate Judge Bloom on March 2, 2019.  On April 6, 2021, Magistrate Judge Bloom filed a report and recommendation ("R&R"), recommending that the Court reject the proposed settlement without prejudice.  (R&R, ECF No. 21.)  Plaintiffs object and request that the current settlement be approved in its entirety.  (Pls.' Obj. R&R ("Pls.' Obj."), ECF No. 22.)

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The Court conducts a *de novo* review of those portions of a report and recommendation to which a party submits a timely objection.  28 U.S.C.

1

§ 636(b)(1)(C).  "To accept those portions of the report to which no timely objection has been made, 'the district court need only satisfy itself that there is no clear error on the face of the record.'"  *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## DISCUSSION

On February 26, 2021, the parties asked the Court to approve two settlement agreements in the total amount of $9,000, with $4,947 to be awarded to Plaintiff Lazaro and $4,053 to be awarded to Plaintiff Molina.  (R&R at 4.)  After payment of attorney's fees and costs, Plaintiff Lazaro will receive $3,000 and Plaintiff Molina will receive $2,404.  (*Id.*)  Their counsel will receive $2,702, plus $894 in costs.  (*Id.*)  The agreements also contain a mutual release, under which Defendants agree to release Plaintiffs from "any and all claims, debts, obligations, or liability . . . that they had or may have" against Plaintiffs and Plaintiffs agree to "release[] and forever discharge[] Defendants of and from any and all claims asserted in this action . . . consistent with *Cheeks v. Freeport Pancake House, Inc.*, 976 F.3d 199 (2d Cir. 2015).  (*Id.*) Judge Bloom found the financial terms of the settlement to be reasonable but took issue with the language of the release provision.  (*See id.* at 4.)

Specifically, Judge Bloom found that, in light of concerns about the abilities of a FLSA plaintiff to fully understand the extent of a settlement agreement, the provision releasing Defendants "from any and all claims asserted in this action . . . consistent with *Cheeks*" is among the types of vague provisions that leave FLSA plaintiffs at risk for abuse.  (*Id.* at 10.)  Judge Bloom found that the first portion of this provision, releasing Defendants "from any and all claims asserted in this action," is acceptable, but the second portion, limiting the release as "consistent with *Cheeks*" is not.  (*Id.* at 10–11.)  According to Judge Bloom, as a result of the

2

inclusion of the "consistent with *Cheeks*" language, the release is worded in a way that fails to properly delineate the terms of the parties' agreements in a straightforward way. (*Id.* at 11.) Rather than clearly stating that the release is limited to Plaintiff's wage and hour claims, the language implies that Plaintiffs are expected to consult a Court of Appeals decision to determine what claims they have waived against their employer. (*Id.*) It does not, as it must, clearly specify what claims the Plaintiffs are giving up in exchange for the settlements. (*Id.*)

In objecting to the R&R, Plaintiffs argue that: (i) because Judge Bloom found the language releasing Defendants "from any and all claims asserted in this action" to be acceptable, it is clear that the release covers the claims set forth by Plaintiffs in their complaint; and (ii) the term "consistent with *Cheeks*" clarifies the intent of the parties as to the scope and interpretation of the release set forth in the first portion. (Pls.' Obj. at 2.)

The release language is problematic. Plaintiffs' arguments do not make it any less so. The "consistent with *Cheeks*" language does not, as Plaintiffs urge, add clarity to the terms of the agreement. While the first portion of the release provision alone may have been sufficiently clear, the "consistent with *Cheeks*" clause muddies the waters. This is particularly so for non-attorney Plaintiffs who should not be required to research case law to understand the scope of their own releases. Without doubt, counsel fully understands what is intended by the "consistent with *Cheeks*" language. But that is not enough. *Cheeks* urges "employee protections, even where the employees are represented by counsel." *Cheeks*, 796 F.3d at 207. Plaintiffs' argument that the "consistent with *Cheeks*" language is evidence of the parties' intent is unhelpful as it is circular in logic. (Pls.' Obj. at 2.) That is, Plaintiffs' argument assumes that the parties—separate from the lawyers—are familiar with, and have the same understanding of, the Second

3

Circuit's *Cheeks* decision.  The Court will not make the same assumption.  Indeed, it is the crux of the Court's concern.  Plaintiffs maintain that they intended to release only the claims asserted in the complaint, which Plaintiffs describe as "FLSA and NYLL claims for overtime pay, and claims under the NYLL for minimum wage, spread of hours, wage statement and wage notice violations."  (Pls.' Obj. at 2.)  If that is all Plaintiffs wanted to do, that is what they should have done.  As drafted, the first portion of the release is consistent with the purported intent of the parties.  The effect of the second portion—"consistent with *Cheeks*"—is not at all clear.  As stated by the court in *Seck v. Dipna Rx, Inc.*, it "begs the question of what *Cheeks* allows a party to do."  No. 16-CV-7262 (PKC), 2017 WL 1906887 (S.D.N.Y. May 8, 2017).[1]

A district court may not simply rewrite the terms of a settlement agreement.  *Fisher v. SD Protection Inc.*, 948 F.3d 593, 605 (2d Cir. 2020).  However, it may "advise the parties what it would find reasonable and give them an opportunity to reach a new agreement."  *Id.* at 607.  Should the parties seek to submit a revised settlement agreement for review, the release should be tailored to the claims Plaintiffs assert in this action and free of any vague or circular modifiers that detract from the clarity of the provision.

## CONCLUSION

For the foregoing reasons, Magistrate Judge Bloom's R&R recommending that the Court reject the proposed settlement without prejudice is ADOPTED in its entirety as the opinion of

---

[1] The Court is not persuaded by the instances Plaintiffs identified in which courts in this district have approved FLSA settlement agreements with release provisions containing the same "consistent with *Cheeks*" language.  (Pls.' Obj. at 2–3.)  Those courts' approvals do nothing to ease the Court's concerns with the language of the release provisions in the instant action.

this Court.  The parties shall submit a second proposed settlement for *Cheeks* review within thirty (30) days of the memorandum and order.

SO ORDERED.

Dated: Brooklyn, New York
      September 30, 2021

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

5