UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
NATALY LAZARO and JOSE MOLINA,

                Plaintiff,                      **REPORT AND RECOMMENDATION**
                                                                           19 CV 7314 (LDH)(LB)

   -against-

LIBERTY CAR SERVICE, INC. and
RAY PERRY,

                Defendants.
-------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and New York Labor Law ("NYLL"), N.Y. LAB. LAW §§ 650 et. seq. alleging that defendants failed to pay them the minimum wage, required overtime wages, and spread of hours pay and failed to provide required wage notices and statements. Compl. ¶¶ 1-3, ECF No. 1. The parties' executed two separate settlement agreements in February 2021 and moved for settlement approval. That motion was referred to me for a Report and Recommendation. I recommended that the agreements should not be approved. ECF No. 21. Judge DeArcy Hall adopted my Report and Recommendation and ordered the parties to resubmit their agreements for Court approval. ECF No. 23. The parties now move for Court approval of their revised settlement agreements. ECF No. 26. For the reasons stated herein, it is respectfully recommended that the parties' motion for settlement approval should be granted.

## BACKGROUND AND PROCEDURAL HISTORY

      The Court assumes familiarity with the facts and procedural history of this matter. Briefly, from September 2019 through October 2019, plaintiffs Nataly Lazaro and Jose Molina

1

worked for defendants' transportation business performing manual and clerical work, including processing credit cards. Compl. ¶¶ 16-18. They received about $12 an hour, an amount lower than New York's legally required minimum wage, and never received overtime when they worked over 40 hours a week. Id. ¶¶ 19-21. In addition, plaintiffs never received spread of hours pay when they worked more than 10 hours per day. Id. ¶ 24. Defendants allegedly never provided plaintiffs with proper wage notices or wage statements. Id. ¶¶ 25-26.

Plaintiffs commenced this action on December 31, 2019, ECF No. 1, and defendants answered the complaint on February 20, 2020. ECF No. 6. With the assistance of a mediator, the parties reached a settlement and filed a motion for settlement approval. ECF No. 20. Judge DeArcy Hall adopted my Report and Recommendation, ECF No. 21, which denied the parties' motion for settlement approval without prejudice. ECF No. 23. The parties now move for approval of their revised settlement. ECF No. 26.

## DISCUSSION

### I. Prior Report and Recommendation

In my March 23, 2021 Report and Recommendation, I reviewed the parties' February 2021 settlement agreements pursuant to the factors set forth in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). The facts and legal standards as stated in that R&R are incorporated by reference.

The parties' prior agreements, one for Ms. Lazaro and one for Mr. Molina, differed only with regard to the amount awarded each plaintiff. Compare Lazaro Agreement, ECF No. 20-1, with Molina Agreement, ECF No. 20-2. Defendants agreed to pay a total of $9,000 to settle both plaintiffs' claims, with plaintiffs Lazaro and Molina receiving $4,947 and $4,053 respectively.

Lazaro Agreement ¶ 2; Molina Agreement ¶ 2. The agreements stated that plaintiffs agree to "release[] and forever discharge[] Defendants of and from any and all claims asserted in this action…consistent with Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015)." Lazaro Agreement ¶ 4; Molina Agreement ¶ 4.

Although I approved all other aspects of the agreements, I found the release provision objectionable. ECF No. 21. As Judge DeArcy Hall stated in her Order adopting my Report and Recommendation, the parties' language is "not at all clear" and incorrectly assumes that the parties, who are not lawyers, will understand the Second Circuit's decision in Cheeks. See ECF No. 23, at 3-4.

## II. The Parties Revised Agreements

The parties have now filed revised settlement agreements. Revised Lazaro Agreement, ECF No. 26-1; Revised Molina Agreement, ECF No. 26-2. Both agreements are substantively identical to the parties' prior agreements except for the release provision. The revised release provides "Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from any and all claims asserted in this action, as of the date of execution of this Agreement." Revised Lazaro Agreement ¶ 4; Revised Molina Agreement ¶ 4.

The Court should not approve a settlement in a FLSA case that contains an overbroad or general release; Courts are duty bound to reject agreements that violate this prohibition. See Gurung v. White Way Threading LLC, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. Mar. 30, 2015). This restriction furthers the FLSA's objective of policing the unequal bargaining power between employers and employees. See Cheeks, 796 F.3d at 202 (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-07 (1945)). Therefore, in FLSA cases, Courts may only approve settlement agreements with

release language specifically tailored to wage and hour claims. See Pucciarelli v. Lakeview Cars, Inc., No. 16-CV-4751(RRM)(RER), 2017 WL 2778029, at * 3 (E.D.N.Y. June 26, 2017) (citing Cheeks, 796 F.3d at 206) (approving a release limited to wage and hours claims); Yang v. Matsuya Quality Japanese Inc., No. 15-1949(JS)(ARL), 2017 WL 456464, at *1 (E.D.N.Y. Feb. 2, 2017) (rejecting language which would release a defendant from all claims, including those not asserted in the action)). Courts in this Circuit routinely approve settlement agreements in FLSA cases with release provisions limited to the claims asserted in the action. See e.g., Flores Galloso v. 3821 Food Corp., No. 20-CV-1940(RA), 2021 WL 860343, at *2 (S.D.N.Y. Mar. 8, 2021) (citing Sanders v. CJS Sols. Grp., LLC, No. 17 Civ. 3809 (ER),2018 WL 1116017, at *2 (S.D.N.Y. Feb 28, 2018)); Bondi v. DeFalco, No. 17-CV-5681(KMK), 2020 WL 2476006, at *5 (S.D.N.Y. May 13, 2020) (quoting Lazaro-Garcia v. Sengupta Food Servs., No. 15-CV-4259(RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)); Pawlowski v. Kitchen Expressions Inc., No. 17 Civ. 2943(ARR)(VMS), 2018 WL 6932697, at *1 (E.D.N.Y. June 25, 2018).

The parties' revised agreement is narrowly tailored and only releases defendants from "all claims asserted in this action." The only claims asserted are wage and hour claims under FLSA and the NYLL. Compl. ¶¶ 1-2, 39-56. Therefore, I recommend that the parties' settlement agreement should be approved as fair and reasonable.

## CONCLUSION

Accordingly, it is respectfully recommended that the parties' motion for settlement approval should be granted.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: November 22, 2021
      Brooklyn, New York